IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN GAVIN BEST,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLOX,<br><br>    Defendant. | No. 2:20-CV-1897-JAM-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

As the sole defendant, Plaintiff names Willox, a sergeant at Duell Vocational Institute (DVI). See ECF No. 1, pg. 2. Plaintiff alleges two claims for relief.

In his first claim, Plaintiff alleges:

> Sgt. Willox cut off my underwear in front of 10 staff members and the whole wing of inmates. While I was in handcuffs, he then had officers stand me up. He spread my butt cheeks, shined a flashlight on my rectum, and made me cough 3 times then made me stand by the phones naked for 10-15 minutes. My cellmate McFadder BL 2838 was a witness to all of this as well as 10-15 cops and all of the F-Wing. This happened on 4-29-20.

Id. at 3.

Plaintiff alleges this conduct constituted a sexual assault in violation of the Eighth Amendment. See id.

In his second claim, Plaintiff alleges entrapment. Specifically, Plaintiff claims:

> DVI mailroom received mail in my name looking suspicious. They contacted DVI's Institutional Security Unit [ISU] to test said mail. It tested positive for methamphetamine. ISU resealed the mail and gave to my floor officer to do a controlled delivery "personally hand me drugs" which he did. So the cops actually gave me methamphetamine. Then 5 minutes later they came and took the contraband out of my hand, arrested me, placed me in Ad-Seg. I went to court. Took 3 years because they arrested my wife as well. I was forced to take a deal to get her sentence dropped. This is a clear case of entrapment and a violation of my Constitutional rights.

Id. at 4.

///
///
///

2

## II.  DISCUSSION

As discussed below, both of Plaintiff's claims are defective.

### A. First Claim

Plaintiff's first claim involves a visual body cavity strip search.  Generally, strip searches do not violate prisoners' Fourth Amendment rights.  See Michenfelder v. Sumner, 860 F.2d 328 (9th Cir. 1988).  However, when a strip search is excessive, vindictive, harassing, or unrelated to a legitimate penological interest may be unconstitutional.  See id. at 332.  A routine visual body cavity search also does not violate prisoners' Fourth Amendment rights.  See Bell v. Wolfish, 441 U.S. 520 (1979).  Such searches, however, must be conducted with reasonable cause and in a reasonable manner to serve a legitimate penological interest.  See Tribble v. Gardner, 860 F.2d 321 (9th Cir. 1988).  The Ninth Circuit has explained that it is "highly questionable" whether prisoners retain a Fourth Amendment right to be free from strip searches performed by officials of the opposite sex.  See Somers v. Thurman, 109 F.3d 614, 620-22 (9th Cir. 1997).

Consistent with the foregoing, Plaintiff may be able to state a cognizable Fourth Amendment claim if the body cavity strip search at issue in this case was performed without reasonable cause, or if it was performed in a vindictive harassing manner.  Plaintiff may also be able to state a cognizable claim if the search was performed by or in the view of officials of the opposite gender.  Here, Plaintiff has alleged sufficient facts that, if true, would show that the search performed by Defendant Willox was harassing and not based on reasonable suspicion related to a legitimate penological interest.  Specifically, as eluded to in Plaintiff's second claim, Plaintiff appears to contend that the basis of the search – a suspicion that Plaintiff was in possession of contraband – was fabricated.  Plaintiff has not, however, alleged facts to show that Defendant Willox knew the basis of the search was fabricated.  Absent such knowledge, Plaintiff has not demonstrated that Willox is liable.

Similarly, to the extent a strip search conducted in front of officers of the opposite sex violates the Constitution, Plaintiff has not alleged sufficient facts.  Plaintiff is housed in a men's prison and there are no allegations to suggest that Plaintiff is not a male or does not identify as such.  Further, Plaintiff uses the pronoun "he" to describe Defendant Willox,

3

suggesting that both he and Defendant Willox are males. While Plaintiff has alleged that the strip search occurred in the view of "10-15 cops," Plaintiff does not allege that any of them were women.

Plaintiff will be provided an opportunity to amend to allege further facts to allow the Court to determine whether he states a cognizable claim arising from the body cavity strip search at issue.

### B. Second Claim

Plaintiff alleges in his second claim that he was entrapped into the possession of contraband by unnamed prison officials. According to Plaintiff, this in turn resulted in a criminal conviction following a plea agreement. Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Here, if true, Plaintiff's claim of entrapment would necessarily imply the invalidity of any conviction resulting from the possession of methamphetamine in prison. Absent an allegation that the drug possession conviction has been overturned or otherwise invalidated,

Plaintiff's second claim is not cognizable. Plaintiff will be provided an opportunity to amend to further elucidate his second claim for relief.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 23, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE